UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RICARDO SAINVIL

    Plaintiff,

v.                                      Case No.: 6:19-cv-01178

E & R CLEANING SERVICE, INC. .
    a Florida Corporation,
ANTHONY M. SABIA,
    Individually

    Defendants.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, RICARDO SAINVIL, (hereinafter also referred to as "Plaintiff"), by and through the undersigned counsel, hereby sues Defendants, E & R CLEANING SERVICE, INC, a Florida Corporation, (hereinafter also referred to as "E&R"), and ANTHONY M. SABIA(hereinafter referred to as "SABIA")( collectively referred to as "Defendants") and states as follows:

*Introduction*

1.    This is an action by the Plaintiff against his former employer for unpaid wages, unpaid minimum wages, overtime compensation, liquidated damages and other relief under the Fair Labor Standards Act ("FLSA"), 29 U.S. C. § 201 et seq. Accordingly, this Court has subject-matter jurisdiction.

*Parties, Jurisdiction, and Venue*

2.    At all times material, Plaintiff, RICARDO SAINVIL, was a resident of Brevard County, Florida.

3. At all times material, Defendant, E & R CLEANING SERVICE, INC, is a Florida Corporation, conducting business in Brevard County, Florida.

4. E&R is a professional cleaning service which employs individuals to provide cleaning services to businesses, such as restaurants, movie theatres, country clubs, and night clubs.

5. At all times material, SABIA, was a Florida resident.

6. Defendant, SABIA is E&R's President. As such, SABIA maintains operational control of its enterprise. In that position, he exercises significant control over the company's operations, has the power to hire and fire employees, the power to determine salaries, the responsibility to maintain employment records and has operational control over significant aspects of the company's day-to-day functions, including Plaintiffs' employment.

7. Venue is proper within the Middle District of Florida because the events giving rise to Plaintiff's claim arose here.

8. At all times material, E&R was an enterprise covered by the FLSA.

9. During the relevant time period, E&R had an annual dollar volume of sales or business of at least $500,000.00

10. At all times relevant, E&R, was and is an "enterprise" engaged in commerce as defined by 29 U.S.C. § 203 because it has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce and its annual gross volume of sales made or business done is not less than $500,000.

11. All conditions precedent to the institution and maintenance of this cause of action have been met or waived.

12. Plaintiff has retained the law firm of Arcadier, Biggie & Wood, PLLC to represent his interest in this matter, and Plaintiff has agreed to pay, said firm a reasonable attorney's fee for its services.

*General Allegations*

13. Plaintiff worked for the Defendants from approximately January 13, 2019 through May 24, 2019.

14. Defendants were Plaintiff's employer for purposes of the FLSA, as that term "employer" is defined by 29 U.S.C. § 203(d).

15. At all times material, Plaintiff was a non-exempt, salaried employee of Defendants, as the term "employee" is defined by 29 U.S.C. § 203(e).

16. During his employment, the Defendants agreed to pay Plaintiff $550.00 per week for his services as an employee.

17. Plaintiff's regular workweek ran from Sunday through Saturday.

18. As an employee of the Defendants, Plaintiff's job duties including providing janitorial services on behalf of the Defendants.

19. During his employment Plaintiff regularly worked fifty (50) hours per workweek.

20. During Plaintiff's tenure, he regularly worked in excess of 40 hours during a workweek but was never paid overtime compensation as required by the FLSA.

21. During Plaintiff's tenure, he earned but did not receive at least a minimum wage for each hour worked.

22. Plaintiff does not possess the complete records relating to his work hours and compensation; Defendants are in possession of such records, and responsible for their storage and safekeeping.

23. Defendants failed to keep accurate time records as required by the FLSA. Accordingly, Plaintiff is required to provide only a reasonable approximation of the number of overtime hours worked for which compensation is owed, which is presumed correct. The burden then shifts to the Defendant to overcome this presumption. *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-88 (1946).

**Final Paychecks**

24. Plaintiff worked for the Defendants during the workweek beginning on May 12, 2019 and ending on May 18, 2019.

25. Plaintiff also worked for the Defendants during the workweek beginning on May 19, 2019 and ending on May 25, 2019.

26. On May 25, 2019, Plaintiff spoke with SABIA who told Plaintiff that his employment was terminated.

27. On May 31, 2019, Plaintiff and SABIA discussed Plaintiff's paychecks for his final two workweeks described above.

28. SABIA told Plaintiff that he would not pay Plaintiff his wages for the final two workweeks.

29. As a result, Defendants failed to compensate Plaintiff at least minimum wage for each hour worked between May 12, 2019 and May 25, 2019.

**COUNT I: BREACH OF CONTRACT - UNPAID WAGE**

30. Plaintiff re-alleges and incorporates paragraphs 1 through 29 of this Complaint as set forth in full herein.

31. This is an action for unpaid wages owed to the Plaintiff, as well as attorney's fees and costs which are awardable pursuant to Florida Statue §448.08.

32. At all times material hereto, Plaintiff was employed by Defendants.

33. In or about January 2019, Plaintiff and Defendants entered into an oral employment agreement wherein Plaintiff would provide services for the benefit of Defendants and Defendants would compensate Plaintiff.

34. Defendants agreed to pay the Plaintiff at a rate of $550.00 per week.

35. On or about May 25, 2019 Plaintiff's employment with the Defendants was terminated.

36. Plaintiff fully complied with the terms of the parties' agreement by performing his job duties in a professionally competent manner.

37. Defendants breached the agreement by failing to pay Plaintiff his wages owed for his last two (2) weeks of employment.

38. Plaintiff is owed $1,100.00 in unpaid wages.

39. Plaintiff was damaged as a result of wages being withheld by Defendants.

40. Defendants' actions were willful and not in good faith.

**WHEREFORE**, Plaintiff prays for judgment against Defendant E&R for all damages to which they may be entitled, including, but not limited to:

    A. Judgment for the back pay found to be due and owing to the Plaintiff;

    B. Award of reasonable attorney's fees pursuant to Fla. Stat. §448.08, cost and interest incurred herein; and

    C. Such other relief as this Court deems just and equitable.

### COUNT II- UNPAID MINIMUM WAGE-FLSA

41. Plaintiff re-alleges and incorporates paragraphs 1 through 29 of this Complaint, as if set forth in full herein.

42. During Plaintiff's term of employment Federal Minimum Wage was $7.25.

43. During Plaintiff's term of employment Florida Minimum Wage was $8.25.

44. Plaintiff was entitled under FLSA to be paid minimum wages for each hour worked during his employment with Defendants.

45. During the final two workweeks of his employment Plaintiff worked approximately One Hundred (100) hours but was not compensated at all, resulting in an hourly rate below the applicable minimum wages.

46. Defendant failed to pay Plaintiff the Federal Minimum Wage for all hours worked in violation of FLSA.

47. Plaintiff was damaged by Defendant's failure to pay him Federal Minimum Wage.

48. As a result of the Defendant's willful violation of FLSA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff prays for judgment against Defendant, for all damages to which he may be entitled, including, but not limited to:

    A.    Judgment for unpaid minimum wages;

    B.    Liquidated damages in the same amount pursuant to 29 U.S.C. § 260.

    C.    An award of reasonable attorney's fees and all costs incurred herein pursuant to 29 U.S.C. § 216(b); and

    D.    All other damages to which Plaintiff may be entitled.

### COUNT III- UNPAID OVERTIME COMPENSATION-FLSA

49. Plaintiff re-alleges and incorporates paragraphs 1 through 29 of this Complaint, as if set forth in full herein.

50. During his employment with Defendants, Plaintiff regularly worked in excess of forty (40) hours a week but was not paid overtime compensation as required by the FLSA

51. Plaintiff was entitled to be paid time and one-half of his regular rate of pay for each hour worked in excess of forty (40) hours per week.

52. Defendant did not have a good faith basis for their decision not to pay Plaintiff full overtime compensation.

53. As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work week, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

54. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff prays for judgment against Defendants, for all damages to which he may be entitled, including, but not limited to:

    A.    Judgment for unpaid overtime compensation;

    B.    Liquidated damages in the same amount pursuant to 29 U.S.C. § 260.

    C.    An award of reasonable attorney's fees and all costs incurred herein pursuant to 29 U.S.C. § 216(b); and

    D.    All other damages to which Plaintiff may be entitled.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues herein triable by jury.

Respectfully submitted on this 26th day of June, 2019.

ARCADIER BIGGIE & WOOD, PLLC.

*/s/ Joseph C. Wood, Esquire*
Joseph C. Wood, Esquire
Florida Bar No.: 0093839

                                        Maurice Arcadier, Esquire
                                        Florida Bar No. 0131180
                                        2815 W. New Haven, Suite 304
                                        Melbourne, Florida 32904
                                        Primary Email: office@ABWlegal.com
                                        Secondary Email: Wood@ABWlegal.com
                                        Phone: (321) 953-5998
                                        Fax: (321) 953-6075